## Ginsburg v. Lavin et ux.

*David Berger*, for plaintiff.

*Robert J. Callaghan*, for defendants.

OLIVER, P. J., April 28, 1955.—Plaintiff is a member of the Philadelphia bar who has brought suit to recover a fee allegedly due him for services rendered by him to wife defendant with the knowledge of husband defendant.

Defendants have filed and served upon plaintiff 21 written interrogatories, answers to which they de-

mand: Pa. R. C. P. 4005(a). Plaintiff has filed objections to these interrogatories (Pa. R. C. P. 4005(b)) on the grounds that answers to the proposed interrogatories would not be relevant to the issue, are sought in bad faith, and would cause unreasonable annoyance and embarrassment to plaintiff.

The scope and effect of pretrial discovery under the applicable Rules of Civil Procedure, effective July 1, 1954, have been thoroughly considered and discussed by this court before. See Zeldin et al., etc. v. Penn Fruit Company, 89 D. & C. 313; Robbins, etc. v. Lashner, 1 D. & C. 2d 302. Therefore, it would serve no useful purpose to enter into a full discussion on the subject again.

We have considered the interrogatories carefully and have reached the following conclusions. Defendants are entitled to the names of all witnesses plaintiff intends to call at trial. (Interrogatory 20). They are entitled to know the number of hours plaintiff spent rendering legal services to wife defendant (part of interrogatory 1), and the time spent in telephone conversations with wife defendant (part of interrogatory 3) and with counsel for husband defendant (part of interrogatory 4). Defendants are also entitled to know the names and addresses of the certified public accountant, real estate appraiser, investigators, and Florida attorney allegedly employed by plaintiff in connection with his services rendered wife defendant, and the nature of the services performed by these persons. (Part of interrogatories 8, 9, 10 and 11).

The other interrogatories are either irrelevant or would subject plaintiff to unreasonable annoyance and embarrassment. Plaintiff is not required to answer them: Pa. R. C. P. 4007, 4011.